| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| *versus* | § § | CIVIL ACTION NO. 1:18-CV-350 |
| $26,535.00 IN UNITED STATES CURRENCY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

The Court referred this civil forfeiture matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. Judge Giblin issued a report in which he recommended that the Court grant the United States' motion to strike Bobbie Mitchell's *pro se* claim to the defendant currency. On February 27, 2019, the Clerk received a letter from Ms. Mitchell titled as her "response" to Judge Giblin's report. The Clerk construed the letter as objections to Judge Gibln's recommendation.

In her response, Ms. Mitchell indicates that she is the mother of Marcus Mitchell. Marcus Mitchell is the individual who was shot and killed on June 7, 2018, in the course of the alleged criminal activities made the basis of the United States' complaint seeking forfeiture of the defendant currency. Based on the circumstances discovered at the scene of the shooting, law enforcement officers believed the currency found at the scene to be proceeds of illegal narcotics trafficking. The underlying events are described in further detail in the United States' complaint seeking forfeiture (#1) and Judge Giblin's report (#9).

Ms. Mitchell, proceeding *pro se*, filed a claim to the defendant currency. The United States then filed a motion to strike that claim, arguing that Ms. Mitchell failed to comply with the procedures required by Rule G of the Supplemental Rules of the Federal Rules of Civil Procedure.

Afer review, Judge Giblin agreed and issued a report detailing the applicable procedure and his analysis. He concluded that Ms. Mitchell's claim should be stricken. In support, he determined that Ms. Mitchell's claim is improper because it fails to state her interest in the currency with the requisite specificity and it is unverified. The magistrate judge also pointed out that Ms. Mitchell failed to file an answer, which is also required to assert a proper claim to the defendant currency.

Ms. Mitchell's letter objections fail to address or correct any of the deficiencies cited in Judge Giblin's report. Her claim remains unverified under penalty or perjury as required by Rule G. She also still has not filed an answer to the complaint or sought leave to do so out of time. Her letter implores the Court to "grant [her] the money" to help her take her of her grandchildren and assuage her grief and debt. The Court certainly empathizes with Ms. Mitchell's loss of her son. Her objections fail, however, to respond to Judge Giblin's findings regarding her insufficiently pled claim. She also takes no action to correct the procedural deficiencies. Ms. Mitchell's claim is still defective under the applicable rule. Her objections do not address the problems with her pleading or clarify her purported claim to the currency. The Court accordingly finds her letter objections to be without merit and agrees with Judge Gibln's recommended disposition.

Pursuant to the plaintiff's objections and in accordance with 28 U.S.C. § 636(b)(1), the court conducted a *de novo* review of the magistrate judge's findings, the record, Ms. Mitchell's

objections, and the applicable law in this proceeding.  After review, the court finds that Judge Giblin's findings and recommendations should be accepted.  The claimant's objections (#11) are overruled.  The court ORDERS that the report and recommendation (#9) on the United States' motion to strike Ms. Mitchell's claim is ADOPTED.  The court further ORDERS that the motion to strike claim (#8) is GRANTED.  The Clerk is directed to STRIKE Bobbie Mitchell's *pro se* claim (#4) to the currency from the record and terminate her as an active claimant.

No other claimants have timely appeared in this forfeiture action.  The United States is therefore ORDERED to file the appropriate motions seeking final adjudication within thirty (30) days of this order.

SIGNED at Beaumont, Texas, this 1st day of March, 2019.

                                                MARCIA A. CRONE
                                   UNITED STATES DISTRICT JUDGE